IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST | : CIVIL ACTION |
| v. | : |
| GRETCHEN CASTELLANO | : |
| v. | : |
| REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION TRUST BY PENMONT BENEFIT SERVICES, INC., PLAN ADMINISTRATOR, et al. | : NO. 03-6903 X |
| HARRY R. LARKIN, et al. | : |
| v. | : |
| PENN PUBLIC TRUST, et al. | : NO. 11-7421 File |
| GREGORY A. OSWOOD et al. | : |
| v. | : |
| PENN PUBLIC TRUST, et al. | : NO. 13-0666 X |

FILED

SEP 1 8 2013

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

ORDER

AND NOW, this 17th day of September, 2013, upon consideration of the Motion for Temporary Restraining Order and Preliminary Injunction in the Castellano (Docket No. 292), Oswood (Docket No. 34), and Larkin (Docket No. 52) cases captioned above, subsequent filings and hearings on these

motions, and oral argument held on September 16, 2013, IT IS HEREBY ORDERED that the motions are otherwise DENIED AS MOOT.

The subject matter of the request for the preliminary injunction is included in the relief granted in the September 16, 2013 order in <u>Solis v. Koresko et al.</u>, No. 09-988, appointing an independent fiduciary to administer the plans, employer arrangements, SEWBPT, and REAL VEBA. (Docket No. 496).

The plaintiffs in the above-captioned cases requested the following preliminary injunctive relief: the Koresko parties are temporarily removed as trustees and plan administrators; the Court appoints an interim trustee and plan administrator; the assets in certain bank accounts, including those held in the name of any of the Koresko parties, are temporarily frozen; the Koresko parties be enjoined from exercising control over insurance policies purchased on the lives of plan participants; the interim trustee shall exercise ownership rights over the insurance policies; and the Koresko parties shall return or replace funds from accounts where plan assets were deposited, except for funds used for employee benefits, premiums, or to repay policy loans.

This relief is encompassed by this Court's order dated September 16, 2013. First, Defendants Penn Public Trust, Koresko Law Firm, P.C., PennMont Benefit Services, Inc., and Mr. Koresko have all been removed from any position they currently

-2-

hold with regard to SEWBPT and REAL VEBA. Administration of the plans, other employer arrangements, SEWBPT, and REAL VEBA has been turned over to the independent fiduciary appointed by the Court. The independent fiduciary is also granted control over the accounts and other financial instruments frozen in this Court's interim orders of July 9 and July 23, 2013.

Second, the Independent Fiduciary is charged with paying beneficiaries their benefits and paying insurance premiums for insurance policies or contracts held by or for the benefit of the Trust. Lastly, all insurance companies issuing policies, contracts or other investments owned by or for the benefit of the SWEBPT, REAL VEBA and its constituent plans or arrangements are enjoined from accepting further instructions from the Koresko parties. The insurance companies are also to accept instructions from the Independent Fiduciary regarding those policies and contracts as the Independent Fiduciary's inventory process proceeds.

Lastly, the Koresko defendants are ordered to turn over all personal and real property purchased with assets of the plans, employer arrangements, SEWBPT, and/or REAL VEBA, including loans taken out against insurance policies. As the Court directs, the independent fiduciary will develop a process for securing repayment of the proceeds of loans on relevant insurance policies.

This relief, as stated in the Court's September 16, 2013 order in <u>Solis v. Koresko et al.</u>, No. 09-988, moots the relief requested in the preliminary injunction motion in this case.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.